IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 3:23CR54 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES R. KNEPP, II |
| | ) | |
| v. | ) | |
| | ) | |
| MUHAMMADO ABDOULAYE DIOKHANE, aka MO, et al., | ) ) | APPLICATION FOR PROTECTIVE ORDER |
| | ) | |
| Defendants. | ) | |

NOW COMES the United States, through the undersigned counsel, and pursuant to Criminal Rule of Procedure (16)(d)(1), applies to this Court for a Protective Order to restrict access to certain discovery materials. As grounds, the Government asserts as follows:

Most of the discovery in this case will be provided in digital format. At different stages of the case, the defense will be provided with compact discs, DVDs, and/or thumb drives that contain scanned or electronic records. These discovery disbursements may include affidavits in support of search warrants, applications for search warrants, investigative reports, grand jury transcripts, interview reports, and subpoenaed documents. In the present case, the format in which most of the discovery will be provided greatly increases the risk of dissemination. In light of the personally-identifying information included in the discovery, dissemination of the information could lead to severe consequences for individuals, such as identify theft. Indeed, Federal Rule of Criminal Procedure 49.1(a) recognizes the sensitive nature of personally-identifying information by requiring parties to redact it from court filings.

The dissemination of certain discovery, containing personal identifiers and financial information, and Jencks Act materials, may jeopardize the privacy and safety of the victims and

witnesses and impede the due administration of justice. Victim-witness privacy, moreover, is an appropriate consideration in deciding the need for a Rule 16 protective order. See, e.g., *United States v. Carriles*, 654 F. Supp. 2d 557 (W.D. Tex. 2009). Accordingly, the restriction of certain discovery information is required to ensure the safety of victims/witnesses, protect the personal information of individuals involved in the case, preserve the integrity of the discovery process, and serve the ends of justice.

The Government proposes that the following procedures be implemented in order to ensure the safety of victims/witnesses, protect the personal information of individuals, and preserve the integrity of the discovery process while protecting the rights of the Defendant to the disclosure of evidence under Criminal Rule of Procedure 16 and to adequately assist counsel in the preparation of a defense.

(1) Counsel for the government will clearly identify to defense counsel those discovery materials that it deems in need of protection. Such materials shall be clearly marked, "Protected Material." If a compact disc, DVD, hard drive or thumb drive is marked "Protected Material," the term "Protected Material" applies to the entire contents of the compact disc, DVD, hard drive or thumb drive, unless otherwise specified. If discovery is produced on USAfx, and a folder is marked "Protected Material," the term "Protected Material" applies to the entire contents of the folder.

(2) Items marked "Protected Material," which are disclosed to defendant's counsel, must be maintained in a secure location. Discovery items may be disclosed and shared amongst defense counsel's representatives, agents, and staff.

(3) Counsel for Defendant may copy "Protected Material" and provide the copy, electronic or otherwise, of the "Protected Material" for the purpose of sharing the material with the specific Defendant that counsel represents, and representatives, agents and staff of counsel.

(4) Counsel for Defendant is prohibited from providing access to "Protected Material" discovery to any person who is not directly associated with the Defendant's legal representation, except under the terms set forth in the Order.

(5) Counsel for Defendant herein is personally responsible for ensuring that "Protected Material" discovery is not disseminated in a manner in violation of the above procedures.

(6) Counsel for Defendant may challenge the "Protected Material" designation of select discovery by filing a motion with this Court. Prior to bringing any challenge before the Court, however, defense counsel must first attempt to resolve the matter informally with the government.

For these reasons, the government respectfully requests that this Court grant its application and issue a Protective Order restricting the access of the defendant to certain discovery materials except as set forth in this Court Order.

    Respectfully submitted,

    MICHELLE M. BAEPPLER
    First Assistant United States Attorney

By:   /s/ *Robert N. Melching*
    Robert N. Melching (MI: P80488)
    Assistant United States Attorney
    Four Seagate, Suite 308
    Toledo, OH 43604
    (419) 259-6376
    (419) 259-6360 (facsimile)
    Robert.Melching@usdoj.gov